IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | CV 10-54-H-DWM |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| ERIC FEIT, | ) ) ) | |
| Defendant. | ) ) | |

## I. Introduction

Eric Feit ("Feit") moves to dismiss the above captioned case on various grounds. First, he argues BNSF failed to join an indispensable party. He also argues the narrow circumstances that justify abstention exist. Finally, Feit argues for dismissal based on the doctrine of collateral estoppel. Feit's arguments are unpersuasive so the Court will retain jurisdiction.

1

## II. Factual Background

Feit applied for employment with BNSF but did not receive a job offer. February 27, 2009, Feit filed an administrative complaint with the Montana Department of Labor and Industry. He charged BNSF of illegally discriminating against him because of a perceived disability (obesity) in violation of the Montana Human Rights Act.

March 10, 2010, a hearing examiner for the Department of Labor and Industry ruled in favor of Feit and then awarded relief against BNSF on August 5, 2010. BNSF appealed the order to the Montana Human Rights Commission. December 6, 2010, the Montana Human Rights Commission affirmed the order. December 7, 2010, BNSF petitioned this Court to review the Montana Human Rights Commission's decision. Feit moves to dismiss the case.

## III. Analysis

### A. Failure to Join an Indispensable Party

Characterizing the state as an indispensable party, Feit submits that the case should be dismissed pursuant to Federal Rule of Civil Procedure 19, which allows a claim to be dismissed when a party that is required to be joined cannot be joined in the case. Fed. R. Civ. P. 19. According to Feit, the State has a substantial interest in enforcing a judgment against BNSF; "[w]ithout a final determination

that the railroad discriminated against Feit, the State would be denied its interest in enforcement." Def.'s Br. in support of Mot. Dismiss 7 (Dec. 23, 2010) (dkt # 13). Feit further argues the State's intervention in past cases supports the conclusion that it is indispensable here. Id. Because the Eleventh Amendment bars states from being sued in federal court, Feit contends the inability for Montana to be joined justifies dismissing the case.

The Montana Supreme Court held in Young v. City of Great Falls that "Rule 19, M.R.Civ.P., does not, by its terms contemplate inclusion of an administrative board as an indispensable party for purposes of judicial review." 632 P.2d 1111, 1112–1113 (Mont. 1981). United States Senior District Court Judge Lovell recently recognized the rule in Young and held state agencies are "nominal" or "neutral parties" that "do not have a stake in the outcome" of the judicial-review of an administrative decision. Reinhardt v. Mont. Human Rights Bureau, 2010 WL 5391280 * 5 (D. Mont. 2010). In Reinhardt v. Montana Human Rights Bureau, the plaintiff filed a judicial-review action and named the State as a party. Judge Lovell held the agencies were "neither necessary nor indispensable parties," and given their limited interest, he dismissed the agencies and denied the motion to remand. Id. *13–*14. So too here.

A general government interest in the welfare of its citizens does not make

the state more than a nominal party. Dept. of Fair Empl. & Hous. v. Lucent Techs., Inc., 2007 WL 2947421, *4–*5 (N.D. Cal. 2007) (state agency that filed employment discrimination suit is a nominal party that does not destroy diversity jurisdiction). The purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the State, but the State cannot be a party in interest in all litigation.

The absence of a statutory requirement to name the Commission in a judicial review of a final decision of the Montana Human Rights Commission further supports the conclusion that the Commission is not an indispensable party. The legislature requires only that "[c]opies of the petition must be promptly served upon the agency and all parties of record." Mont. Code Ann. § 2-4-702(2)(a) (2009). "Where the legislature has intended for administrative bodies to be made parties, they have specifically so provided." Young, 632 P.2d at 1113.

Considering the holdings in Young and Reinhardt as applied here, the state is not an indispensable party, and Federal Rule of Civil Procedure 19 does not require that the case be dismissed. If the judgment against BNSF is affirmed, Montana may file an enforcement action pursuant to Montana Code Annotated § 49-2-508.

**B. Abstention**

Feit also argues the case should be dismissed or remanded in accordance with various abstention doctrines. "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quakenbush v. Allstate Ins., 517 U.S. 706, 716 (1996). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conserv. Dist. v. U.S., 424 U.S. 800, 813 (1976). The narrow circumstances that justify abstention do not exist here.

Burford Abstention

Feit rests his principle abstention argument on the reasoning in Burford v. Sun Oil Co., 319 U.S. 315 (1943). Burford-type abstention enables federal courts to decline jurisdiction to avoid needless conflict with a state's administration of its affairs. It applies when "policy problems of substantial public import" transcend the result in the case at bar. Quakenbush v. Allstate Ins. Co., 517 U.S. 707, 726 (1996). In Burford, the federal court declined to review an order granting a permit to drill oil in Texas because of the specialized aspects of the state's complicated regulatory system of local law. Burford, 319 U.S. at 322. Centralized review promoted the state's complex oil conservation scheme.

BNSF argues against Burford abstention because Montana has not

concentrated suits challenging agency decisions on discrimination issues in a particular court, and federal review would not disrupt establishment of coherent policy.

City of Tucson v. U.S. West Communications, Inc. set out three requirements that must be met in the Ninth Circuit before Burford abstention applies: (1) the state must concentrate suits challenging the actions of an agency involved in a particular court, (2) federal issues can not be separated easily from complex state law issues with respect to which state courts might have special competence, and (3) federal review might disrupt state efforts to establish a coherent policy. 284 F.3d 1128, 1133 ( 9th Cir. 2002).

Feit represents that a specialized court system is not a prerequisite to Burford abstention. The California federal district court case Feit cites to support his argument states a specialized court is not a prerequisite to Burford abstention, but the court noted the state must demonstrate special efforts to create consistent policy. There, efforts to create consistent policy existed because the state consolidated review by referring the category of cases to one judge.

Regardless of whether a specialized court system is a prerequisite to Burford abstention, Ninth Circuit case law limits Burford abstention to circumstances where the state consolidated review of an issue in a particular court.

6

City of Tucson, 284 F.3d at 1133 ("Burford abstention requires . . . the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court.").

Unlike Burford, here Montana has not centralized review of Human Rights Commission decisions in a particular court. See Mont. Code Ann. § 2-4-702(2)(a); Reinhardt v. Mont. Human Rights Bureau. Feit argues that the Human Rights Commission is specialized in employment discrimination, but he presents nothing to suggest Montana attempted to create consistent policy by taking special steps to consolidate review of the agency's decisions. Because the effort to create consistent policy is demonstrated in the state's efforts in controlling the review of the agency decision, an argument that the agency is a specialized court does not satisfy the Ninth Circuit requirement that review be consolidated in a particular court. Therefore, Burford abstention does not apply here.

Furthermore, federal review of an agency's decision regarding employment discrimination will not disrupt state policy. A discrimination case does not involve the same complicated regulatory scheme that the Court avoided in Burford. Federal review will not disrupt public policy, and applying Montana law in a diversity case is not an unfamiliar or burdensome task.

Other Abstention Principles

None of the other abstention doctrines cited by Feit apply here. Although Feit refers to Younger, Pullman, and Colorado River abstention doctrines, his brief fails to discuss how that authority might apply here. While various circumstances exist under which Federal Courts have determined abstention is the prudent path, abstention applies only in exceptional circumstances, Colo. River Conserv. Dist., 424 U.S. at 813, and the facts here do not weigh in favor of abstention.

    a. *Younger Abstention*

Younger abstention applies when a party invokes federal jurisdiction to restrain state criminal proceedings or certain state nuisance proceedings antecedent to a state criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975). Circumstances that justify abstaining under Younger do not exist here.

    b. *Colorado River Abstention*

The unique circumstances that counseled in favor of abstention in Colorado River Water Conservation District v. United States, do not exist here either. The abstention question in Colorado River arose when the United States brought suit in United States district court seeking a declaratory judgment on water rights in a Colorado river system. Colo. River Water Conserv. Dist., 424 U.S. at 805.

8

Colorado had established a comprehensive state system for adjudicating water rights, and a parallel action existed in state court. Id. at 806. In the interest of judicial economy and to avoid piecemeal litigation, especially when interdependent water rights litigation was at issue, abstention was appropriate. Id.

A substantially similar state action does not parallel BNSF's federal administrative review action.[1] Furthermore, exercising jurisdiction does not disrupt an interdependent litigation scheme like the water rights litigation in Colorado River. See Id. at 818 (stating that generally "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction").

    c. Pullman Abstention

Finally, Feit's references to Pullman abstention do not weigh in favor of abstention. The federal court avoided deciding a substantial constitutional issue in Pullman because under state law the Railroad Commission may not have had authority to issue the disputed and controversial regulation. R.R. Commn. of Tex.

---

[1] Feit suggests that the enforcement action removed from state court, CV 11-01-H-DWM, is a parallel state action that supports Younger or Colorado River abstention. The enforcement action is not the type of contemplated parallel action because it is not substantially similar to the review action. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989); see Moses H. Cone Mem'l Hosp., 460 U.S at 28 ("parallel state-court litigation [must] be an adequate vehicle for the complete and prompt resolution of the issues between the parties"). The action to enforce the agency's decision will not resolve the issues in the review action.

v. Pullman Co., 312 U.S. 496, 501 (1941). Pullman abstention has been used when the resolution of ambiguous state law will allow the court to avoid deciding a substantial federal issue or a state law issue of unusually strong import. Id.; La. Power & Light Co. v. Thibodaux, 360 U.S. 25, 30 (1959).

The facts here do not satisfy the criteria needed for Pullman abstention. The review of the Human Rights Commission's decision involved no sensitive federal question.

### Equitable or Discretionary Relief

BNSF also argues abstention does not apply because only limited equitable relief was ordered. Courts have the power to dismiss or remand cases on abstention principles "only where the relief being sought is equitable or otherwise discretionary." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996). Where legal relief is in dispute, a federal court reluctant to exercise jurisdiction based on abstention principles may stay the action. Id. at 721. Although Feit was awarded limited equitable relief, this action is primarily a legal action. Even if the narrow circumstances justifying abstention existed, Feit has not asked for a stay, and dismissal or remand is not appropriate.

## C. Collateral Estoppel

Feit also argues for dismissal based on the doctrine of collateral estoppel.

Collateral estoppel is an affirmative defense. Fed. R. Civ. P. 8(c). It bars relitigation of an issue that has already been adjudicated. McDaniel v. Mont., 208 P.3d 817, 826 (2009). To the extent that Feit argues collateral estoppel bars relitigating the issue of liability, insufficient information exists to justify dismissal.

The elements of collateral estoppel are: (1) the issue is identical to the issue of a prior adjudication, (2) a final judgment on the merits was issued, (3) the party against whom the plea is asserted was a party or privy to the party in the prior adjudication, and (4) the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue which may be barred? Id. Identification of identical issues is the most critical element. Haines Pipeline Constr. Inc. v. Mont. Power Co., 876 P.2d 632, 636 (1994).

Feit represents that BNSF seeks to relitigate "whether the Montana Supreme Court would apply an obscure footnote to a federal regulation." However, Feit does not provide a citation to the "obscure footnote," nor does he cite any case that previously litigated the issue. Without more, the court cannot determine whether collateral estoppel bars litigation of an issue or whether resolution of the issue would justify dismissing the entire case.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Feit's Motion to

Dismiss (dkt # 12) is DENIED.

Dated this 25th day of April, 2011.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT