IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| BNSF RAILWAY COMPANY, a Delware corporation, | ) ) ) | CV 10-54-H-DWM and CV 11-01-H-DWM |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| ERIC FEIT, | ) ) | |
| Defendant. | ) ) ) | |

BNSF Railway Company filed a motion (dkt # 49) asking this Court to amend its Certification Order (dkt # 47) to permit BNSF to pursue an interlocutory appeal of "whether the certification of a state law issue to a state supreme court effectively denies BNSF its constitutional and statutory right to diversity jurisdiction." (Dkt # 47.) For the reasons stated below, this motion is denied.

28 U.S.C. 1292(b) allows a party to pursue an interlocutory appeal when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

1

appeal from the order may materially advance the ultimate termination of the litigation." BNSF argues that this Court's decision to certify a Montana state law issue to the Montana Supreme Court is such an issue. The argument is circuitous. The controlling question is one of Montana law which can only be definitively answered by the Montana Supreme Court. That issue cannot be subsumed by an interlocutory appeal of whether the Montana Supreme Court, or this Court sitting in diversity, should answer the controlling questions of Montana law.

When exercising diversity jurisdiction, a federal district court may in its discretion certify questions of Montana state law to the Montana Supreme Court. See Lehman Brothers v. Schein, 416 U.S. 386, 391 (1974)). The Montana Supreme Court may accept such questions if "(a) the answer may be determinative of an issue in pending litigation in the certifying court; and (b) there is no controlling appellate decision, constitutional provision, or statute of this state." Mont. R. App. P. 15(3). Certifying questions enables a court to "obtain authoritative answers to unclear questions of state law" and "'save[s] time, energy, and resources and helps build a cooperative judicial federalism.'" Toner for Toner v. Lederle Laboratories, Div. of American Cynamid Co., 779 F.2d 1429, 1432–33 (9th Cir. 1986)(quoting Lehman Brothers, 416 U.S. at 391).

Here, the decision to certify to the state court an unsettled and determinative

issue of state law is within this Court's discretion. BNSF provides no authority for its conclusion that certification of this issue infringes on BNSF's right to diversity jurisdiction. In fact, the ability to certify important, undecided issues to the state supreme court is an important aspect of diversity jurisdiction, particularly where the legal issue is significant and presents "important public policy ramifications." Kremen v. Cohen, 325 F.3d 1035, 1037–38 (9th Cir. 2003); see also Toner for Toner, 779 F.2d at 1432–33. BNSF has not shown that 28 U.S.C. 1292(b) applies. The decision to certify is not a controlling question of law nor is there any "substantial ground for difference of opinion" about the certification of this issue. 28 U.S.C. 1292(b).

IT IS HEREBY ORDERED that the Motion to Permit Interlocutory Appeal of Order Certifying Question to Montana Supreme Court and Request for Expedited Consideration (dkt #49) is DENIED.

Dated this 12th day of September, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

3