IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, ) | CV 10-54-H-DWM and |
| a Delaware corporation, ) | CV 11-01-H-DWM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ERIC FEIT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Eric Feit moves the Court to either remand this matter to the state agency or to recertify it to the Montana Supreme Court. Feit's motion is well taken. The Court remands this matter to the state agency with the following clarifications.

On certification, the Montana Supreme Court held:

> Obesity that is not the symptom of a physiological disorder or condition may constitute a "physical or mental impairment" within the meaning of Montana Code Annotated § 49–2–101(19)(a) if the individual's weight is outside the "normal range" and affects "one or more body systems" as defined in 29 C.F.R. § 1630.2(h)(1) (2011).

*BNSF Ry. v. Feit*, 281 P.3d 225, 231 (Mont. 2012). This means that two questions must be answered in order to determine whether obesity may constitute a physical or mental impairment: (1) is the individual's weight outside the "normal range,"

1

and (2) does the individual's weight affect "one or more body systems" as defined in 29 C.F.R. § 1630.2(h)(1)?

The Montana Supreme Court cited with approval a case from the Eastern District of Louisiana for the proposition that "weight outside the normal range" means "severely obese." *Feit*, 281 P.3d at 230 (citing *EEOC v. Resources for Human Dev., Inc.*, 827 F. Supp. 2d 688, 694 (E.D. La. 2011) ("[I]f a charging party's weight is outside the normal range—that is, if the charging party is severely obese—there is no explicit requirement that obesity be based on a physiological impairment.")). The *EEOC Compliance Manual* § 902.2(c)(5)(ii), in turn, notes that "severe obesity [is] defined as body weight more than 100% over the norm . . . ."

This means that a person's weight may be a physical or mental impairment if: (1) it is more than 100% over the norm and (2) it affects one or more body systems as defined in 29 C.F.R. § 1630.2(h)(1).

In light of the Montana Supreme Court's decision, this Court remanded this case back to the state agency for further factual findings consistent with the Supreme Court's decision. (Doc. 69). The agency then issued two factual findings: (1) "Feit's weight when he applied for work with BNSF was 220 pounds." and (2) "Feit's weight when he applied for work with BNSF was not 'more than 100%

over norm,' under any meaningful definition of '100% over norm.'" (Doc. 75-1.)

The agency construed the Court's remand order narrowly, but understandably so, given the way the Court worded its order. While perhaps not as evident as it should have been, the Court intended the agency to engage in broader fact finding.

The Montana Supreme Court's decision requires consideration of several factual questions, including, but not limited to:

- What was Feit's weight when he applied for work with BNSF?

- Was Feit's weight when he applied for work with BNSF more than 100% over the norm?

- Did Feit's weight affect "one or more body systems as defined in 29 C.F.R. § 1630.2(h)(1)"?

- Did BNSF regard Feit as having a weight 100% over the norm at the time that he applied for work with BNSF? and

- Did BNSF regard Feit as having a weight that affected one or more body systems as defined in 29 C.F.R. § 1630.2(h)(1)?

This list is not exhaustive, but it is indicative of the types of questions that the agency must consider (some of which it did consider on remand).

In light of the Montana Supreme Court's decision in *Feit*, the Court intends the agency to answer the following question—the central question in this case—and to engage in any new fact finding necessary to arrive at that answer:

3

> Did BNSF refuse employment to Feit because of "physical or mental disability . . . when the reasonable demands of the position do not require a[ ] . . . physical or mental disability . . . distinction"?

*See* Mont. Code Ann. § 49–2–303(1)(a).

IT IS ORDERED that Eric Feit's motion to clarify the scope of remand (doc. 77) is GRANTED. This matter is remanded to the state agency so that it may make further factual findings consistent with this order and the Montana Supreme Court's decision in *BNSF Ry. v. Feit*, 281 P.3d 225, 231 (Mont. 2012).

IT IS FURTHER ORDERED that Feit's renewed motion for oral argument (doc. 76) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this case is STAYED pending remand. The parties are ordered to notify the Court once the state agency has made further factual findings in accordance with this order.

Dated this 1st day of May 2013.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT